IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THE CLARK CONSTRUCTION GROUP, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   01-2780 Ma/An |
| CITY OF MEMPHIS and THE MEMPHIS COOK CONVENTION CENTER COMMISSION, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING EMERGENCY MOTION TO COMPEL DOCUMENT PRODUCTION

Before the Court is Plaintiff's Emergency Motion to Compel Document Production filed on March 11, 2005. United States District Judge Samuel H. Mays, Jr. referred this matter to the Magistrate Judge for determination. The Court held a hearing on this matter on March 22, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed the instant Emergency Motion to Compel requesting that the Court compel Defendants the City of Memphis and the Memphis Cook Convention Center Commission (collectively "the City") to produce documents. Specifically, the requested documents are related to services provided by the Pearson Management Group ("Pearson") for the City's on-site representative at the Convention Center project, the Hdenak Bobo Group ("HBG"). The

1

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 5-7-05



requested documents include scheduling documents and reports prepared during the course of the project.

Clark served with the City with its First Request for Production of Documents on May 28, 2003 and its Second Request for Production of Documents on June 2, 2004. Clark argues that "[t]he City screened the third party production of HBG and withheld certain documents related to the services of Pearson (the "Pearson documents") from production without identifying the withheld documents or listing them on any privilege log." (Mot. to Compel, at 2). As such, the City refused to provide any Pearson documents to Clark, even though Clark requested access to the documents. Clark argues, however, that the City used the Pearson documents during the project, including when the City calculated damages in this case. (*See id.* at 4).

In response to the Motion, the City argues that Clark is not entitled to the Pearson documents because Pearson is a litigation consultant that is entitled to protection under Rule 26(b)(4)(B). Therefore, the City argues that unless an individual such as Pearson is identified as an expert who will testify at trial, the City should not be required to produce the Pearson documents. At the time the Court held a hearing on this Motion, the City had not determined if someone at Pearson would be declared a testifying expert in this case. However, since the hearing, the City declared two individuals from Pearson as testifying experts. As a result of the City's decision to declare the individuals as experts, the City produced four memoranda to Clark. Clark does not consider the instant motion is moot, since it believes there could be other Pearson documents the City failed to disclose.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Clark's motion requests that the City be required to produce all Pearson documents that it relied on or considered during the project. Clark argues that while the City produced four memoranda when the parties exchanged expert reports, Clark is "uncertain what materials beyond the four memoranda were provided to the City." Clark therefore requests that the City be required to produce any Pearson documents in its possession, custody or control.

Because the individuals from Pearson will be testifying experts, the Court concludes that Fed. R. Civ. P. 26 requires the City to produce all documents that the City relied on during the project. Therefore, because the scope of discovery is broad in this Circuit and for good cause shown, Plaintiff's Motion to Compel is **GRANTED**. The City should produce all Pearson-related documents in its possession custody or control within 15 days of entry of this Order.

3

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

_____
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 06, 2005

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 250 in case 2:01-CV-02780 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

Daniel Warren Van Horn
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Jeffrey R. Gans
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

John W. Ralls
THELEN REID & PRIEST
101 Second Street
18th Fl.
San Francisco, CA 94105

Michael Evan Jaffe
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Christopher M. Caputo
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

James R. Newland
THELEN REID & PRIEST
Market Square
Ste. 800
701 Pennsylvania Ave., N.W.
Washington, DC 20004

Michael I. Less
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Timothy R. Johnson
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Taylor Cates
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Joseph T. Getz
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT