FILED BY ____ D.C.

05 MAY 19 AM 6:50

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| THE CLARK CONSTRUCTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MEMPHIS and THE MEMPHIS COOK CONVENTION CENTER COMMISSION, <br><br> Defendants and Third-Party Plaintiffs, <br><br> v. <br><br> WILLIAMSON, HAIZLIP, POUNDERS & PICKERING, <br><br> Third-Party Defendant. | No. 01-2780 Ma/A |

## ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION IMPOSING SANCTIONS FOR DOCUMENT DESTRUCTION

Before the court is the Defendants' objection to the magistrate judge's order imposing sanctions on them, filed March 25, 2005. Plaintiff responded to the motion on April 12, 2005. For the following reasons, the magistrate judge's order is AFFIRMED.

This court may reject a magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5/19/05

1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985).

Magistrate Judge Anderson found the Defendants in violation of a prior court order specifically enjoining them from destroying any documents relevant to the Cook Convention Center expansion project. He found that the Defendants were "grossly negligent" in destroying the documents and granted Plaintiff a "rebuttable adverse inference establishing that the City had documents within its possession which most likely would have been relevant to this case; however, the City failed to preserve these documents, and the documents were destroyed." The Defendants argue that the adverse-inference sanction was legal error because their spoliation of evidence was not intentional, but only grossly negligent.

"The rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law." Beck v. Haik, 377 F.3d 624, 641 (6th Cir. 2004). In Tennessee, "[t]rial courts have wide discretion to determine the appropriate sanction

2

to be imposed" for discovery abuse. Mercer v. Vanderbilt University, Inc., 134 S.W.3d 121, 133 (Tenn. 2004). "The doctrine of spoliation permits a court to draw a negative inference against a party that has intentionally, and for an improper purpose, destroyed, mutilated, lost, altered, or concealed evidence." Bronson v. Umphries, 138 S.W.3d 844, 854 (Tenn. Ct. App. 2003). The magistrate judge noted that the Defendants' conduct appeared to fall short of the Bronson standard but found that "trial judges have the authority to take such action as is necessary to prevent discovery abuse." Mercer, 134 S.W.3d at 133.

The Defendants' argument about the content of Tennessee law ignores the nature of their wrongful conduct. The sanction was imposed on them not only in response to the spoliation of evidence but also for the violation of a standing federal court order. A trial court's discretion to impose sanctions for violations of its discovery orders is broad, and the magistrate judge's decision is well within the accepted range of penalties. See Fed. R. Civ. P. 37(b)(2); Phillips v. Cohen, 400 F.3d 388, 401-02 (6th Cir. 2005). Thus, the Defendants have not shown that the magistrate judge's order was clearly erroneous or contrary to law.

For the foregoing reasons, the magistrate judge's order imposing sanctions for document destruction is AFFIRMED.

3

So ORDERED this  18th  day of May 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 252 in case 2:01-CV-02780 was distributed by fax, mail, or direct printing on May 19, 2005 to the parties listed.

---

Christopher M. Caputo
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Joseph T. Getz
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Jeffrey R. Gans
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

Taylor Cates
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

Daniel Warren Van Horn
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

John W. Ralls
THELEN REID & PRIEST
101 Second Street
18th Fl.
San Francisco, CA 94105

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

James R. Newland
THELEN REID & PRIEST
Market Square
Ste. 800
701 Pennsylvania Ave., N.W.
Washington, DC 20004

Michael I. Less
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Timothy R. Johnson
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Michael Evan Jaffe
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

Honorable Samuel Mays
US DISTRICT COURT