IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 JUN 27 PM 12: 30

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| THE CLARK CONSTRUCTION GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   01-2780 B/An |
| CITY OF MEMPHIS and THE MEMPHIS COOK CONVENTION CENTER COMMISSION, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel Document Production filed on November 10, 2004. United States District Judge Samuel H. Mays, Jr. referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiff sued Defendants for damages arising out of the expansion and construction of the Memphis Cook Convention Center ("Convention Center"). In February 1999 Clark Construction Group, Inc. ("Clark" or "Plaintiff") entered into a contract with the City of Memphis to perform renovations to the Convention Center. Both before the contract was awarded and throughout the construction process, Clark contacted either the City or one of its authorized agents for clarification of the design plans provided by the City to Clark. Specifically,

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-27-05



Clark submitted over 2,000 requests for additional information and clarification. Clark alleges that it was not informed of various design and building problems before it was awarded the contract for the project.

Four years after beginning construction, Clark completed the additions to the Convention Center. Clark then sued the City of Memphis and the Memphis Cook Convention Center Commission (collectively the "City") for breach of contract, for negligent misrepresentation, and for breach of the implied covenant of good faith and fair dealing. Clark's Complaint was filed on September 27, 2001. The City has counterclaimed for liquidated damages, resulting from Clark's delay in completing the project.

Prior to the completion of the project, Clark served the City with a document request pursuant to the Tennessee Public Records Act. The City timely responded to the request and provided Clark with access to certain documents. The City, however, provided Clark with its first privilege log on September 26, 2003, listing almost 750 documents that would not be produced. Clark also served the City with requests for production of documents pursuant to the Federal Rules of Civil Procedure on May 28, 2003 and June 2, 2004. The City objected to the production of various documents on the grounds of attorney-client privilege and work product doctrine. The City assigned the designation "COM" to all documents produced to Clark in response the discovery requests, but the City has not provided Clark with a privilege log identifying the "COM" documents it withheld from production.

Additionally, the City did not produce documents from SMG; Hellmuth, Obata + Kassabaum, Inc. ("HOK"); and the Hdenak Bobo Group ("HBG"), who are all agents of the City. Specifically, SMG served as the manager of the Convention Center, HOK assisted in resolving

2

the design issues and coordinated the flow of information between Clark and the various project designers, and HBG served as the City's on-site representative during the construction phase. The City provided privilege logs for HOK and HBG documents, but the City did not provide a privilege log for the SMG documents.

Clark argues that over 275 items in the City's privilege logs have been inappropriately withheld from production. These documents include (1) documents authored and sent by third parties, (2) documents sent to third parties by attorneys that do not represent the City, (3) documents sent by the City's counsel to the attorneys who do not represent the City, and (4) documents that have no privilege or protected status. In its Memorandum, Clark argues that neither the attorney-client privilege or the work product doctrine apply to each of these documents.

In its Response, the City first notes that 52 documents have been removed from the privilege log because they were previously produced to Clark by HBG. The City has also produced an additional 93 documents to Clark. As a result of these actions, the City has provided the Court and Clark with a revised listing of challenged documents, which is attached to the City's Supplemental Response to Plaintiff's Motion to Compel as Exhibit A.[1] The City argues that all of these documents are privileged and should not be produced, and the City asked the Court to perform an *in camera* review of the documents to determine which documents, if any, should be produced to Clark.

---

[1] The "Revised Log of Challenged Documents Listed Within Defendants' Privilege Log, HBG's Privilege Log, and HOK's Privilege Log," dated January 10, 2005, lists 128 entries. The City provided a supplemental list of five documents in a letter to the undersigned on March 11, 2005.

Clark, on the other hand, asked the Court to enter an order compelling the City to produce all documents listed in Exhibit B to Clark's Memorandum in Support of the Motion to Compel. Clark has also asked the Court to require the City to produce all other relevant documents that the City withheld from production and to produce a privilege log for the "COM" and "SMG" documents the City withheld from production.

The Court entered an Order on February 24, 2005 stating that "the Court must only determine whether the documents listed in the revised listing of challenged documents should be produced." *Clark Construction Co. v. City of Memphis*, Order, No. 01-2780 Ma/An (W.D. Tenn. Feb. 24, 2005). The Court then ordered the City to submit all documents listed on its revised privilege log to the Court for an *in camera* review. *See id.* The Court has reviewed all documents produced by the City.

## ANALYSIS

### I. Applicable Law

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has

4

also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Nevertheless, if a document is not relevant, it is not discoverable.

In this case, Plaintiff has asked the Court to compel the City to produce multiple relevant documents; however, the City contends that the documents should not be produced because the documents are protected by the attorney-client privilege and the work product doctrine. The party raising a privilege has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5). The objection must include sufficient information so that the Court and opposing counsel can assess the applicability of the privilege. *Watts v. Federal Express Corp.*, No. 99-CV-701, 2001 WL 1661474, at *6 (W.D. Mich. Apr. 11, 2001); *Meridan Diagonostics, Inc. v. Yi.*, No. C-1-00-540, 2001 WL 1842463, at *9-10 (S.D. Ohio Mar. 9, 2001) (holding that a privilege log is required to assess the applicability of the privilege). Overall, a party may not assert a blanket claim for a privilege, but instead the party must assert a privilege claim on a document by document basis. *See Coltec Industries, Inc. v. Am. Motorists Ins. Co.*, 197 F.R.D. 368, 371 (N.D. Ill. 2000). "[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Id.* at 373. "[D]escribing a document as 'legal advice' or 'work product' is not the same as *establishing* that the documents are immune from discovery." *Id.* (emphasis in original).

The attorney-client privilege is the oldest of privileges, and "courts are properly hesitant to intrude upon the private communications of clients and their attorneys." *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 505, 509 (W.D. Tenn. 1999). "Its purpose is

5

to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1988). The privilege, however, is not absolute. *United States v. Goldfarb*, 328 F.2d 280, 282 (6th Cir. 1964). The Sixth Circuit has defined the essential elements of the attorney-client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*Id.* at 281 (quoting 8 Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege "should not be extended to accomplish more than its purpose." *Id.* at 282; *see also Humphreys, Hutchenson & Moseley v. Donovam*, 755 F.2d 1211, 1219 (6th Cir. 1985).

In a diversity case, the applicability of the attorney-client privilege is determined according to state law. *See* Fed. R. Evid. 501. Therefore, the Court will look to Tennessee's attorney-client privilege to determine if a privilege is applicable in this case. In Tennessee, "[n]o attorney . . . shall be permitted . . . to disclose any communication made to the attorney." Tenn. Code Ann. § 23-3-105 (2004); *see also Boyd v. Comdata Network, Inc.*, 86 S.W.3d 203, 213 (Tenn. Ct. App. 2002). "The privilege applies not only to the client's communications but also to the attorney's communications to his or her client when the attorney's communications are specifically based on the client's confidential communications or when disclosing the attorney's communications would . . . reveal the substance of the client's confidential communications." *Boyd*, 86 S.W.3d at 213.

Documents made in anticipation of litigation are privileged under the work product doctrine. Fed. R. Civ. P. 26(b)(3). "The party seeking the protection of the work-product privilege has the burden of proving that the disputed documents are work product." *Royal Surplus Lines Ins. v. Sofamor Danek Group*, 190 F.R.D. 463, 473 (W.D. Tenn. 1999). The Sixth Circuit established a procedural step-by-step process for courts to use when a work product claim is made by a party. *See Toledo Edison Company v. G A Technologies, Inc.*, 847 F.2d 335, 339-40 (6th Cir. 1988). Overall, the Court must do the following:

> First, the party requesting the materials must make an initial showing that the information contained therein is relevant to the subject matter of the pending litigation and not otherwise privileged. Next, the party opposing production must demonstrate that the materials were prepared in anticipation of litigation by or for that party's attorney or representative. Then, the burden shifts back to the requesting party to establish a substantial need of the materials and the inability to obtain the substantial equivalent of the materials by other means without undue hardship. In no event, however, should the court require the production of mental impressions, conclusions, opinions or legal theories of an attorney or other representative concerning the litigation.

*Royal Surplus*, 190 F.R.D. at 473. The work product doctrine is designed to prevent "unwarranted inquiries into the files and the mental impressions of an attorney . . . reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways" and prepared in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). However, the rule does not protect from disclosure facts learned by an attorney, and courts have consistently held "that the work product concept furnishe[s] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she ha[s]

7

learned such facts. . ." 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2023 (2d ed. 2004); *See Hickman,* 329 U.S. at 513.

## II. The Actual Documents

The Court has performed an *in camera* review of the documents listed in the City's revised privilege log. After review, the Court has made a determination with respect to each document and as to whether the document must be produced by the City or whether the City should not produce the document because the document is not relevant to these proceedings or because the document is protected by the attorney-client privilege or the work product doctrine. As such, the Motion is **GRANTED** in part and **DENIED** in part.

### A. Documents Not Relevant

Although discovery is broad and liberal in this Circuit, a party is not entitled to all evidence. For documents to be discoverable, the document must be relevant, or at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). After review, the Court concludes the following bate stamped documents are not relevant; therefore, the City should not be required to produce these documents to Plaintiff:

BD&C 002922; BD&C 002926; BD&C 002928; BD&C 005558; BD&C 005582; BD&C 005871; BD&C 005948; BD&C 006036; BD&C 006371; BD&C 006823; BD&C 006920; BD&C 007214; BD&C 007310; BD&C 007730; BD&C 007951; BD&C 008331; BD&C 009380; HOK 000354.

### B. Documents Protected by Attorney Client Privilege

The attorney-client privilege is meant to protect the disclosure of confidential secrets regarding legal advice discussed between a client and his or her lawyer. After review, the Court

determines that the following documents are protected by the attorney-client privilege; therefore, the City should not produce these bate-stamped documents to Plaintiff:

BD&C 005081; BD&C 005670; BD&C 006747; BD&C 008230; BD&C 008425; BD&C 010518; BD&C 019940; HBG 00839; HBG 01199; HBG 01334; HBG 01337; HBG 04386; HBG 04393; HBG 04552.

### C. Documents Protected by Work Product Doctrine

Documents made in anticipation of litigation are privileged under the work product doctrine. After review, the Court determines that the following documents are protected by the work product doctrine; therefore, the City should not produce these bate-stamped documents to Plaintiff:

BD&C 005128; BD&C 005130; BD&C 005639; BD&C 005643; BD&C 005672; BD&C 005723; BD&C 005795; BD&C 006506; BD&C 006700; BD&C 006797; BD&C 006824; BD&C 007072; BD&C 007255; BD&C 007598; BD&C 007707; BD&C 007771; BD&C 007597; BD&C 008192; BD&C 008295; BD&C 008330; BD&C 08332; BD&C 009045; BD&C 009114; BD&C 009172; BD&C 009374; BD&C 011088; BD&C 011182; BD&C 011186; BD&C 011232; BD&C 011651; BD&C 011661; BD&C 011688; BD&C 011743; BD&C 011751; BD&C 19704; BD&C 19705; BD&C 19799; BD&C 020036; BD&C 020038; BD&C 020043; BD&C 020068; HBG 00540; HBG 00716; HBG 01099; HBG 01198; HBG 01325; HBG 01335; HBG 02593; HBG 03569.

D. <u>Documents Which Must be Produced</u>

The Court has determined that the following bate numbered documents are relevant to these proceedings. Moreover, no privilege applies to the following documents. As such, the following documents should be produced to Plaintiff:

BC&C 005052; BC&C 005637; BC&C 005647; BC&C 005648; BC&C 005650;

BC&C 005652; BC&C 005667; BC&C 005786; BC&C 005787; BC&C 006546;

BC&C 006657; BC&C 006663; BC&C 006834; BC&C 006914; BC&C 006915;

BC&C 008424; BC&C 008428; BC&C 008636; BC&C 008967; BC&C 009061;

BC&C 009465; BD&C 009566; BC&C 009635; BC&C 009665; BC&C 009672;

BC&C 010336; BC&C 011013; BC&C 011035; BC&C 011068; BC&C 011139;

BC&C 011140; BC&C 011165; BC&C 011184; BC&C 011235; BC&C 011242;

BC&C 011567; BC&C 011575; BC&C 011588; BC&C 011664; BC&C 011705;

BC&C 019836; BC&C 020015; BC&C 020034; HBG 01192; HBG 01333; HBG 03564;

HBG 03568; HBG 04388; HBG 04477; HBG 04530; HOK 000016; HOK 000355.

## **CONCLUSION**

With respect to those documents listed in Part II, section D, the Motion to Compel is **GRANTED**, and the City should produce these documents to Plaintiff within 11 days of entry of this Order. The remainder of the Motion to Compel is **DENIED**, and all other documents should not be produced to Plaintiff. Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with

10

particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: June 24, 2005

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 262 in case 2:01-CV-02780 was distributed by fax, mail, or direct printing on June 27, 2005 to the parties listed.

---

Daniel Warren Van Horn
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

John W. Ralls
THELEN REID & PRIEST
101 Second Street
18th Fl.
San Francisco, CA 94105

Lucian T. Pera
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Timothy R. Johnson
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Taylor Cates
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Ricky E. Wilkins
LAW OFFICE OF RICKY E. WILKINS
119 S. Main St.
Ste. 700
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Jeffrey R. Gans
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

Christopher M. Caputo
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Michael Evan Jaffe
THELEN REID & PRIEST LLP
701 Pennsylvania Ave., N.W.
Ste. 800
Washington, DC 20004

Joseph T. Getz
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Michael I. Less
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

James R. Newland
THELEN REID & PRIEST
Market Square
Ste. 800
701 Pennsylvania Ave., N.W.
Washington, DC 20004

Honorable Samuel Mays
US DISTRICT COURT